# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JUSTIN THOMAS SHIPLEY,

    Movant,

vs.                                                            No. CV 16-00667 KG/SCY
                                                                 No. CR 14-02446 KG

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed June 23, 2016, by Movant Justin Thomas Shipley (CV Doc. 1; CR Doc. 82) (the "Motion"). Movant Shipley seeks relief based on the United States Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015). This Court determines that Shipley is clearly ineligible for relief under *Johnson* and will dismiss the Motion.

Shipley was charged in Count I for violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count II for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine; and Count III for violating 18 U.S.C. § 924(c), using, carrying and possession of a firearm during and in relation to and in furtherance of a drug trafficking crime. (CR Doc. 26). Shipley pled guilty to all three counts pursuant to a plea agreement that included a stipulation under Rule 11(c)(1)(C) to a term of imprisonment of eight (8) years. (CR Doc. 53

at ¶¶ 3, 12). Accordingly, Shipley was sentenced to 96 months (8 years) of imprisonment followed by three years of supervised release.[1] (CR Doc. 76).

In his Motion, Shipley relies on *Johnson* to argue he should not have received an enhanced sentence under 18 U.S.C. § 924(c). Shipley further argues that his convictions for conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) no longer constitute crimes of violence under the residual clause of § 924(c). (CV Doc. 2; CR Doc. 84).

Shipley seeks collateral review of his sentence under 28 U.S.C. § 2255. Section 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Shipley seeks collateral review in reliance on a right newly recognized by the Supreme Court in *Johnson* and made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(3).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and an increased sentence imposed under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. Under the ACCA, a defendant convicted of being a felon in possession

---

[1] The sentence imposed specified 36 months for Count I and Count II to run concurrently, and 60 months for Count III to run consecutively for a total of 96 months.

of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S.Ct. at 2555-63. The language of § 924(e)(2)(B)(i), which defines "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause. The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies. The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question the four enumerated offenses or the remainder of the definition of a violent felony in § 924(e)(2)(B). 135 S.Ct. at 2563. Therefore, the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i), or the enumerated clause of § 924(e)(2)(B)(ii).

Shipley's sentence was not enhanced under § 924(e)(2)(B), of the ACCA. Instead, Shipley argues that the *Johnson* ruling should be applied to the residual clause of 18 U.S.C. § 924(c). The question of whether *Johnson* applies to invalidate the residual clause language of § 924(c)(3)(B), is an unsettled question. In *Johnson,* the Supreme Court indicated that its ruling did not place the language of statutory provisions like the § 924(c)(3)(B), residual clause in constitutional doubt. 135 S.Ct. at 2561. The lower courts have divided on the question of

application of the *Johnson* ruling to § 924(c) and similarly-worded provisions. *See United States v. Taylor,* 814 F.3d 340, 375-79 (4th Cir. 2016) (declining to find § 924(c) void for vagueness); *United States v. Vivas-Ceja,* 808 F.3d 719, 723 (7th Cir. 2015) (finding language similar to § 924(c) void for vagueness); *Dimaya v. Lynch,* 803 F.3d 1110, 1120 (9th Cir. 2015) (holding similar language in Immigration and Nationality Act void); *In re Smith*, ___ F.3d ___, 2016 WL 3895243 at *2-*3 (11th Cir. 2016) (noting issue but not deciding it in context of application for permission to file second or successive § 2255 motion). The question of whether the *Johnson* holding applies to the residual clause of § 924(c)(3)(B) is presently pending before the Tenth Circuit in *United States v. Hopper*, 10th Cir. No. 15-2190.

Although the question may remain unsettled, this Court need not determine in this case whether *Johnson* should apply to invalidate the residual clause of § 924(c)(3)(B). Even if *Johnson* was extended to § 924(c), the residual clause definition of "crime of violence" is not applicable to Shipley's drug convictions. Shipley's underlying convictions, upon which his § 924(c) conviction was based, were not "crimes of violence" as contemplated in § 924(c)(3)(B).[2] Instead, Shipley was convicted of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1), and (b)(1)(C), and possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1), and (b)(1)(C). These convictions qualify as "drug trafficking crimes" as provided in § 924(c)(2), and the § 924(c)(3)(B) "crime of violence" analysis has no bearing on Shipley's sentence.

If *Johnson* impacts § 924(c) at all it would only serve to invalidate the residual clause in the crime of violence portion § 924(c)(3)(B). The drug trafficking portion of § 924(c)(2) does

---

[2] There is also a question as to whether Shipley waived the right to raise the *Johnson* issue on collateral review under his Plea Agreement. However, because the Court concludes that Shipley would not be eligible for resentencing, the Court does not reach the waiver issue.

4

not have a residual clause, and states with particularity which charges serve as underlying crimes for a § 924(c) conviction. The predicate crimes for purposes of § 924(c)(2) include Shipley's offenses under 21 U.S.C. §§ 841 and 846. Therefore, the Supreme Court's holding in *Johnson* has no effect on convictions for § 924(c) based on drug trafficking crimes. Because Shipley's § 924(c) conviction rests on drug trafficking crimes, he is not entitled to relief under *Johnson*.

Under 28 U.S.C. § 2253(c)(1) and (3), the Court determines that Shipley has not made a substantial showing of denial of a constitutional right. Therefore, the Court will deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED** that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed June 23, 2016, by Movant Justin Thomas Shipley (CV Doc. 1; CR Doc. 82) is **DISMISSED** under Rule 4(b) of the Rules Governing Section 2255 Proceedings, and a Certificate of Appealability is **DENIED** under Rule 11(a).

_____
UNITED STATES DISTRICT JUDGE